We'll hear the first case on calendar, Trump equitable Fifth Avenue versus Time. Thank you. Everybody's here? Thanks. Good morning. Good morning, Your Honors. May it please the Court. Katie Townsend, behalf of Appellants, Time, Inc. and the Reporters Committee for Freedom of the Press. The issue before this court is whether there is a presumption of public access under either the common law or the First Amendment to certain sealed documents. In particular, two court orders and a hearing transcript were filed with the district court in connection with its approval of a class action settlement to which the President of the United States was a party. The starting point for the court's analysis is whether the sealed documents at issue here are judicial documents, those that are relevant to the performance of a judicial function or useful to the judicial process. As this court stated in Janus Films, Inc. against Miller, while a court normally has only a limited role in a settlement of a dispute that affects only private interests, the court has a larger role in a class of certain types of cases that include class actions. Class actions are one of a number of categories. Was this a class action or derivative action? It was a class action lawsuit, Your Honor, subject to Rule 23e, which means that the court... Is that because the complaint recited that it's a class action? It's our understanding, based on the entire record, that there was a certified class. It was never decertified. The settlement, in fact, was not only entered under Rule 23e, but it appears, based on the arguments made by the Trump parties, that there was, in fact, an attempt by the class parties to waive the notice requirement under Rule 23e1, which we think underscores the fact that everyone was operating under Rule 23 at the time this case was settled. What is the principal document that you're looking for, that you want? There are three documents, Your Honor, that are under seal, two of which we understand to be court orders. The first court order is what we understand to be an order approving the settlement and setting out some terms of the settlement. The second is a modified order, which I understand was modified in response to the class plaintiff's request that notice under Rule — the notice requirement of Rule 23e1 be waived. The other document is a hearing transcript. We understand that to be the hearing that was contemplated under — in this Court's decision in Glen Falls and contemplated as well in Rule 23. Just so that we all know what we're talking about here, the documents under seal that are the subject of this proceeding are the two orders. The transcript itself was pulped long ago under standing orders of the Chief Judge of the District. So what we're looking at is two orders. Your Honor, if that's the case, that we were not aware that the transcript had been destroyed — I know you're unaware of it because I just became aware of it. Thank you, Your Honor. Then I think that the two documents at issue are then the court orders that are still available to the public. That's correct. I just thought since we're discussing this, we ought to know what we're talking about. I appreciate that, Your Honor. I think that actually in some ways narrows the scope and maybe makes this perhaps a bit easier. Court orders are quintessentially judicial records that the public has a right of access to under both the common law and the First Amendment. I think for the reasons we set forth in our brief, these court orders in particular, because they are court orders that reflect the Article 23E2, then they should be open to the public. But then your argument is they never should have been sealed in the first place. That is our argument, Your Honor. I think with the court below — It's either that or you're saying that when you seal a document, the order to seal has some kind of a half-life. And at a certain point, it dies and everybody can see whatever was filed under seal. And that's not our position, Your Honor. Our position is that in fact the district court, when it sealed these documents initially, it applied what we understand to be a good cause standard, which is not the appropriate standard to apply when making a determination as to whether or not to seal judicial records under either the common law or the First Amendment. The court did not appear to weigh — it certainly didn't make any factual findings on the record. We're not aware of any sealing order in this case. We're not aware of any motion to seal that was filed in this case. So it's — our position is that the district court incorrectly applied the incorrect legal standards and erred when it sealed these documents to begin with. So what are you seeking, a remand to find out whether it should have been sealed in the first place? And if there's a different standard, whether it should be unsealed now? We think remand is unnecessary, Your Honor, when this court has the full array of facts in front of it in a case like this. But you're arguing it was sealed under the wrong standard. I mean, hypothetically, if the — if a record in a criminal case was sealed because it reflected the cooperation of the defendant and could result in the death of that person in prison, and the wrong standard was applied, hypothetically, to the sealing of it, you wouldn't say that it therefore should be unsealed and the person's throat slit. I think this is quite a different situation than that, Your Honor. And I would say that particularly — Well, that's why it's a hypothetical. Particularly given this court's recognition of the importance of immediate access, where a right of access has been found. And I would direct the court to its decisions in Newsday LLC against County of Nassau, as well as United States against Erie County. In both cases, the court did not remand for itself whether or not the common law right of access or the First Amendment right of access applied, and whether the documents could be unsealed or should be unsealed under those analyses. So it conducted its own independent analyses, finding remand unnecessary because it had the full array of arguments in favor of sealing before it, and it had the full array of facts that it needed to make that determination in front of it. Is it your position that any time that there's a class action settlement and a document refers to — given the district court's role in approving the class action settlement — that there'd be no circumstances in any case that the sealing of that document would be appropriate? It's not our position, Your Honor. I think that we would take the position that they would be judicial records based on this court's decisions in Amodio, but the presumptions of access are just that. They're presumptions. And they can be  Why isn't that an issue for Judge Grisey to take up? Well, I think, Your Honor, that Judge Grisey indicated that in his decision denying our motion to unseal, that his rationale for — the only countervailing interest he had considered was his generalized interest in facilitating settlement, not necessarily in this precise case, but in — just in general. That is the only argument that's been presented by the Trump party's in favor of sealing. I think as this court found in United States against Erie County, this generalized settlement argument is insufficient to overcome the public's First Amendment right of access at a minimum. And I think in terms of the common law — What I'm saying is why can't Judge Grisey, with the benefit of the correct legal standard, make that determination in the first instance? May I answer? I see that I'm out of time. May I respond? Go right ahead. Thank you. Given the fact that these are court orders, and this is the court's recognition, again, of the importance of immediate access, once a right of access is found, it is appropriate for this court, if it has the full factual findings before it, to make that determination on its own, particularly if it finds that the rationale provided by the district court, and particularly the arguments being asserted by the Trump party's in favor of continued sealing, are just insufficient as a matter of law. Thank you, Your Honors. If there is no further rebuttal, we'll hear you then. Thank you, Your Honors. Your Honors. Your Honors, good morning. Matthew Maron for the appellees. Your Honors, this case, the underlying action was commenced 34 years ago, and after languishing in the courts for 15 years in 1998, it was assigned to Judge Grisey, the then Chief Judge of the Southern District. And as the case was proceeding towards trial for a second time, the parties had informed Judge Grisey that at long last they had settled their dispute. The parties recited the terms of their agreement on the record, and shortly thereafter, Judge Grisey issued an order approving the settlement. In both the transcript, wherein the settlement terms were recited, and the order issued thereafter as amended, the parties and the district court recognized the confidentiality of the settlement and all the records of the settlement. Aren't the orders judicial documents? Judge Loewe, they are judicial documents, but the unique nature- Presumption then attaches a public access, is that correct? If we took the position that the presumption does attach, then the burden would- When you say if we took the position, that's the law. That's our law, is it not? Right, but then that burden would shift to us to justify why we believe we're entitled to the documents being sealed. And our position is that the concept and the agreement that the settlement would be confidential, and that was an That is our position, why it should remain under seal. This was a case, again, that had gone on for years. Judge Grisey is the chief judge- Judge Grisey seems to have flipped the standard, and so there's no longer a presumption of public access, but sort of a presumption going the other way. Would you agree with that assessment? I would agree that if the presumption was found, we still believe that the confidential nature of the settlement would allow those documents to remain under seal, because the confidential- So you're saying that even if he had applied the right standard, agreeing that he applied the incorrect standard, even if he had applied the right standard, the same result would have- We do believe that, because he got to the solution that everybody wanted. He wanted to put this case aside, he wanted it resolved, and it was a conditional, and it was an essential term to have it deemed confidential. Now, I wanted to go to the point that the appellants brought up about the class action nature of the case. Normally, class actions are ultimately presumptively public. However, because we take the position that the Rule 23 requirements were waived, that removed this settlement from the normal category of class actions, and therefore it would not have that presumption like normal class actions would. But isn't your argument proving too much? Because you're really saying that if it's an essential term of a settlement, then the public has no right of access to court orders that implement it. But then, where's the role for the public in that? It's just the parties and the judge, and judges naturally want to see cases settled. That's a form of justice. And the parties can then make up their minds as to whether the public will have access to a settlement. You see, if parties want to litigate privately, they can always go to Somehow, one party or another came to a court and asked the court to adjudicate it, and there's an order. The fact that the parties don't think it's necessary for anybody else to look at their settlement proves too much, doesn't it? Well, we believe that the court went along, and what they did in the order that Judge Grisey in denying the motion to unseal, he said that he conducted the proper balancing test. He said that he weighed, in 1998, the public's right to access court documents against the interest in facilitating the settlement of complex cases, and it favored the balance in favor of confidentiality. He knew, for purposes of getting this matter resolved, for the years that it had been going on, that having this confidentiality was essential. And the parties relied on that, and the court relied on that as well, to keep it sealed going forward. But as your adversary says, from the language that he gave us, we don't really know if he's speaking in general terms or talking specifically about this case and the reasons why, in this case, the balance would weigh in favor of confidentiality. I think when Judge Grisey denied the motion to unseal, he looked back ultimately what he had done back in 1998 to seal it, and what he did is he went and said that he used his discretion, and his discretion was that the balance favored confidentiality and it was necessary to seal the case because it was his ultimate desire to have this matter resolved and done off the dockets. Again, it had gone on for 15 years. It had been up to the Second Circuit, multiple judges, multiple adversaries, parties being substituted in, so this was the ultimate way for them to decide it. It was the best thing that the court could do because it knew it needed to be able to resolve it in order to have the case off of its dockets. Now, going back to the idea of the nature of this case as a class action with the notice waive, again, it took this case away from that normal category of matters. And we believe that, in essence, the ultimate recovering beneficiaries were the union, and that union was paid by the defendants. There were no individual parties. There were not hundreds if not thousands of individual class parties. This was ultimately a union that benefited from a settlement that had gone on for 15 years. So that's another reason why we believe it takes it out of the normal category of class actions. Now, there are cases that the appellants had cited for the proposition stating that this would be part of that category. This is not Geltzer. This is not September 11th. The circumstances are far different than those cases. Again, you also have situations where the settlement was paid shortly thereafter, within maybe about two months, and then the court's monitoring was pretty much finished, whereas in the September 11th case, Judge Hellerstein was continually monitoring this settlement involving property owners who had faced damage to their properties after the September 11th terrorist attacks. So we believe, again, this is a very, very unique set of circumstances which allows for the sealing and the removal of it from the normal article class action categories. Now, to the last point, that the district court properly made its discretion and made the right to seal. We believe, again, that the district court's decision to seal records is committed to its sound discretion, based on the relevant facts and circumstances, and that cites Telangiel. How can we review the exercise of discretion unless there are reasons stated and unless those stated reasons bear upon the proper standard for making the decision? Mr. Jacobs, we believe that when Judge Grisey denied the motion to unseal last summer, he laid those out in his order, and it's a brief order we give at that, but we still believe that he said what needed to be said. He said that no one wants anything to be longer than it has to be. I understand. The question is, was he applying the right standard? If he was not applying the right standard, then it matters not how long or short it is. It would be talking about something that is arguably beside the point. I still think we need to look at the court that, under both cases such as Newsday and Bernstein, the ultimate review is under for abusive discretion, and Judge Grisey used his discretion. He used . . . You just told me at the beginning of our discussion that he applied the wrong standard. But still, we still believe . . . That is a yes. He applied the wrong standard. He got to the right result, we believe. Even if he looks back and says in 1998 he did apply that good cause standard, we still believe he reached the right result, and it was in his discretion. But applying the wrong standard is an error of law. An error of law is almost by definition an abuse of discretion, correct? I think under the circumstances, we couldn't see it that way because you're looking at trying to get into what was decided back in 1998. This was a position and we unseal this settlement, we remove that element of certainty that parties have when they come before the court when they resolve cases. If you remove that level of certainty, then potential for settling and resolving cases would be gone. The court's role is to help . . . You had said this case is unique, and now you're arguing that it has a universal feature, which is the tremendous utility of sealing a settlement as a means of achieving settlement in all large complicated cases. But going to that point, the idea that, again, it's the major public policy concept of . . . we believe that settlements would not occur if there was not that element of confidentiality. There are cases that have been held, including Erie, where if the public were involved in all settlement discussions, the cases would never settle. So there has to be some nature for the parties to be able to go in, speak frankly, be in the situation before judges. That may be all well and good, and I appreciate that, but you also agree that these were judicial documents. Yes. We have a framework that accounts for how to deal with judicial documents in the context of public access in the First Amendment. You're saying that you're now asking us to create a different framework for this particular case. I don't think it would be for just this particular case, but if there are circumstances like this, and I can't imagine . . . A different category of judicial documents that we've never carved out, that I've never seen described in any way. Well, there's no cases that we found on this, and I hadn't seen anything, and the appellants hadn't found any silver bullet cases on it, too. So, again, it's the greater concept of talking about settlements, and the confidential nature of settlements. But, again, this is a unique situation, being that the class action waivers were there. The judge used his discretion. We believe that even the presumption should be denied because of the confidentiality of the settlement. So, again, it's unique for this purpose, but still the greater purpose of having confidential settlements overall, and protecting the confidentiality. And Judge Grosset did that, and we believe that that was the correct decision, and his decision should be affirmed. Thank you. Thank you. Your rebuttal. Thank you, Your Honors. I'll address first the suggestion that this was outside the normal category of class actions because of the Rule 23E2 request notice waiver, essentially. I'd like to stress first that that happened after the court had already approved the settlement. In other words, the initial court order that was sealed approved the settlement and set forth the terms. The modified order is the order that reflects a waiver of the Rule 23E1 notice requirement. So it seems to us that the court applied the Rule 23E2 standard well in advance of that. There's nothing about that, as we argue in our briefs, that takes this out of the category of Rule 23E settlements or changes the district court's obligation, frankly, under Rule 23E and under Janus Films to play a larger role in the settlement, to actually substantively determine the fairness of the settlement before he approves its terms. I'd also like to address the confidentiality issue, the sort of general interest in facilitating settlements. This court has certainly recognized, and we do not dispute, that fostering settlement of civil disputes is an important Article III function. We disagree that there is no case law on this issue. I think, perhaps not in this circuit, but I would point to FTC, again, Standard Financial Management Corporation, the First Circuit decision that was cited favorably by this court in Amodio II, in which a similar consent decree that was approved by the court, those records were found to be subject to the presumption of access. The Third Circuit cases that we also cite in our briefing, Rittenhouse and Leap, which is a case that was cited by the Trump parties, all reflect an application of the common law presumption of access to settlement-related documents. The idea that confidentiality generally, which applies to certainly all, or an interest in facilitating settlement, which applies to all civil disputes, can be used to seal judicial records without any specific finding of any kind of need in a particular case, I think is unwarranted. I'm out of time. Thank you very much, Your Honors. Thank you both. We'll reserve decision.